**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------X

SAMANTHA TUCKER,

                                      Plaintiff,

-against-

P.O. JAMES KOSTREWSKI, SHIELD #7915;
Lt. KHALIL BINSAFAR and CITY OF NEW YORK,

                                        Defendants.

-------------------------------------------------------------------------------X

(Jury Trial Demanded of all issues)

**AMENDED COMPLAINT**

CV. NO. 1:21-cv-05234-WFK-RER

The Plaintiff SAMATHA TUCKER, by his Attorney GARNETT H. SULLIVAN, ESQ., complaining of the Defendants alleges as follows:

**PRELIMINARY STATEMENT**

**1.** This is a civil rights action in which the plaintiff seeking relief for the defendant's violation and deprivation, under the color of State law of plaintiff's rights secured by the Fourth and Fourteenth amendments of the New York and United States constitutions and under common law, and is being brought pursuant to 42 U.S.C. §1983.

**2.** Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and equitable. A jury trial is demanded.

**JURISDICTION**

**3.** Jurisdiction is based upon and conferred to this Court by 42 U.S.C. §1983 and 28 U.S.C. §§ 1331 and 1343(3) and (4). Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. §1367. Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. §1367 with respect

to any and all State law claims and against all parties that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

4. The plaintiff SAMANTHA TUCKER, at all times hereinafter mentioned, was and still is a Citizen of the United States and a resident of the City and State of New York and County of Kings.

5. That the defendant CITY OF NEW YORK is a municipal organization organized and existing by virtue of the laws of the State of New York.

6. That upon information and belief the defendants P.O. JAMES KOSTREWSKI and LT. KHALIL BINSAFAR at all times hereinafter mentioned were officers employed by the New York City Police Department which is an agency of the defendant CITY OF NEW YORK and were acting with the scope of said employment as police officers and were further acting under the direction, supervision and control of defendant CITY OF NEW YORK.

7. Defendant P.O. JAMES KOSTREWSKI and LT. KHALIL BINSAFAR are being sued individually and in their official capacity as law enforcement officers acting on behalf of the defendant CITY OF NEW YORK.

## ADMINISTRATIVE CONDITIONS

8. That within ninety (90) days after the claims arose the plaintiff caused a sworn notice of claim to be duly served upon defendant CITY OF NEW YORK.

9. That the plaintiff was examined by defendant CITY OF NEW YORK pursuant to New York General Municipal Law sec. 50-H.

10. More than thirty (30) days have elapsed since service of the notice of claim and 50-H hearing but defendant CITY OF NEW YORK or the comptroller have neglected and/or refused to adjust or pay said claims.

**11.**     That a 50-H hearing for examination of Plaintiff was scheduled by and cancelled by the Comptroller without any explanation.

## FACTUAL ALLEGATIONS

**1.**     That plaintiff is an attorney licensed to practice Law in the State of New York, employed by Queens Defenders, a public defender organization.

**2.**     That on or about June 2, 2020 at approximately 4:20 P.M., plaintiff was walking on Evergreen Street in Brooklyn N.Y. when plaintiff observed a woman with a baby being arrested and crying hysterically.

**3.**     Plaintiff without in any way interfering with the arrest stated to the woman with the baby, "Excuse me Miss, do you need an attorney?"

**4.**     That defendant LT. KHALIL BINSAFAR responded by telling plaintiff that she cannot solicit there and threatened to arrest her unless she left the area.

**5.**     When plaintiff incredulously inquired "You gonna arrest me?", defendant LT. KHALIL BINSAFAR directed police officers who were present to arrest plaintiff but the officers declined and stepped away.

**6.**     LT. KHALIL BINSAFAR then directed defendant James Kostrewski to arrest plaintiff and defendant Kostrewski then forcefully handcuffed plaintiff and placed her in a police vehicle.

**7.**     That while plaintiff was handcuffed and under arrest in said vehicle, defendant LT. KHALIL BINSAFAR came to the vehicle and stated he would let plaintiff go if she apologized. Plaintiff responded "I don't want to speak with you, I want to know what am I being charged with.".

**8.**     Plaintiff was subsequently transported to the 83rd police precinct where she was handcuffed to a bench for approximately 12 hours and was detained at said precinct against her will until she was released at approximately 5:19 A.M. on June 3, 2020 after being issued a desk appearance ticket.

**9.**     That while at the precinct plaintiff was unable to use the bathroom because there was no soap or toilet tissue and had to give her mask to the lady with the child who was also arrested so that she could use the mask in lieu of toilet tissue which was unavailable.

**10.** That all of the foregoing conduct caused plaintiff great mental and emotional distress, physical suffering and discomfort, shame, humiliation and embarrassment.

**11.** That plaintiff was charged by defendants with the charge of obstructing governmental administration under New York Penal Law §195.05.

**12.** That upon information and belief said charge was dismissed by the Court upon the motion of the Kings County District Attorney.

**13.** Upon information and belief, the defendant Kostrewski at the direction of defendant LT. KHALIL BINSAFAR fabricated false allegations against plaintiff and forwarded such false allegations to the District Attorney for the purpose of prosecuting plaintiff on the fabricated criminal charge.

**14.** That at the time the defendants acting in concert arrested plaintiff and concocted such false charges, defendants knew full well that plaintiff was wholly innocent of the criminal charge made against her.

## FIRST CLAIM
### (False Arrest – 42 U.S.C. 1983)

**15.** The plaintiff incorporates by reference each of the preceding paragraphs of this complaint as though set forth at length herein.

**16.** that the aforesaid arrest and imprisonment of the plaintiff by defendants in their capacity as law enforcement officers employed by defendant CITY OF NEW YORK acting under the color of State Law, without any authority of the law and without any reasonable cause or belief that the plaintiff had committed the offense for which he was charged.

**17.** That the said defendants, their agents, servants and employees falsely arrested and illegally imprisoned the plaintiff and intentionally subjected plaintiff to confinement which plaintiff was conscious of and said confinement was not otherwise privileged or consented to by plaintiff.

**18.** That by reason of the aforesaid false arrest and imprisonment caused willfully and maliciously by the defendants, their agents, servants and employees, plaintiff was wrongfully deprived of his rights, privileges and benefits provided to him under the constitutions of the united States of America and the State of New York, Plaintiff was caused to be subjected to great discomfort, loss of liberty, significant indignities, ridicule, scorn, humiliation, mental distress and was prevented from attending to his usual activities and injured his reputation in the community and was further caused to incur monetary damages.

**19.** That the defendants committed the foregoing acts willfully and with malicious disregard for plaintiff's rights and is therefore liable for compensatory as well as punitive damages.

## SECOND CLAIM
### (False arrest – State Law)

**20.** Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

**21.** That by the foregoing conduct of the defendants acting in concert intentionally confined the plaintiff though said confinement was in no way privileged and the plaintiff was conscious of his confinement and did not consent to said confinement.

**22.** The arrest and imprisonment of plaintiff by defendants was maliciously done without probable cause and constitutes false arrest and imprisonment under the laws of the State of New York.

**23.** Defendants' conduct was willful and in malicious disregard of plaintiff's rights and caused great damage to plaintiff. Plaintiff is entitled to compensatory and punitive damages.

## THIRD CLAIM
## (Assault and Battery – State Law)

24.     Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

25.     The defendants acting jointly and severally with each other committed assault and battery upon plaintiff by subjecting plaintiff to hostile and offensive bodily contact that was not privileged or consented by plaintiff.

26.     That the defendants committed these acts intentionally, willfully, and with malicious disregard of plaintiff's rights as a citizen and human being and are therefore liable for punitive damages.

27.     That that the assault and battery caused substantial injuries to plaintiff.

28.     The conduct complained of is actionable under the laws of the State of New York and this Court has supplemental jurisdiction to adjudicate this claim.

29.     As a result of defendants' conduct plaintiff was caused to sustain injuries and was otherwise damaged and such conduct was the proximate cause of plaintiff's injury and damages.

## FOURTH CLAIM
## (Fabrication of Evidence – 42 U.S.C. §1983)

30.     Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

31.     That the defendants concocted and fabricated false evidence and information including false police reports and false Criminal Court Complaint, and forwarded false information and evidence to the Kings County District Attorney's office that was likely to influence a jury to find the plaintiff guilty of the false concocted charge.

**32.**     Defendants' conduct violated plaintiff's constitutional due process rights and caused plaintiff to suffer deprivation of liberty.

**33.**     That a determination of this claim in plaintiff's favor will in no way invalidate a prior conviction of plaintiff in regard to the occurrence complained of (*Heck v. Humphrey*, 512 U.S. 477; *McDonough v. Smith*, 139 S. Ct. 2149).

## FIFTH CLAIM
### (Malicious Prosecution – 42 U.S.C. §1983)

**34.**     Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

**35.**     The defendants instituted administrative proceedings against plaintiff in the Criminal Court of the City of New York, County of Queens.

**36.**     Such proceedings were instituted against plaintiff in the absence of any probable cause for prosecution of plaintiff upon the false charges which were made with malice.

**37.**     The charges made against plaintiff were dismissed on the merits and constitutes a favorable termination.

**38.**     Said malicious prosecution of plaintiff by defendants constitutes a deprivation of plaintiff's Fourth Amendment constitutional rights for which plaintiff is entitled to compensatory and punitive damages.

## SIXTH CLAIM
### (Malicious Prosecution – State Law)

**39.**     Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

**40.**     That the commencement and prosecution of the plaintiff by defendants before the Criminal Court of the City of New York, County of Queens constitutes malicious prosecution under the laws of the State of New York.

**41.** The dismissal of the charges on the merits constitutes a favorable termination under New York law.

**42.** The prosecution of plaintiff was without probable cause but was with malice, and caused plaintiff to suffer damages.

**43.** This Court has supplemental jurisdiction to adjudicate this claim.

**44.** Plaintiff is entitled to compensatory as well as punitive damages.

## SEVENTH CLAIM
### (Invasion of Privacy and Trespass on Person)

**45.** Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

**46.** By the actions described above, defendants acting individually and in concert with each other, violated plaintiff's right of privacy and trespassed on his person, subjected him to embarrassment and humiliation, intruded into and invaded his seclusion of person, solitude and private affairs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed him by the laws and constitution of the State of New York.

**47.** As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subjected to great humiliation, and was otherwise damaged and injured.

## EIGHTH CLAIM
### (Failure to Intervene)

**48.** Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

**49.** Defendants had a reasonable opportunity to intervene and prevent the unlawful acts done against plaintiff including the obvious violation of his constitutional rights.

**50.** Defendants nevertheless failed to intervene and prevent the violation of plaintiff's constitutional rights therefore liable to plaintiff.

## NINTH CLAIM
## (Vicarious Liability)

**51.** Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

**52.** The individual defendants were acting within the scope of their employment as police officers employed by the Defendant CITY OF NEW YORK when they committed all the aforementioned unlawful conduct.

**53**. The defendant City of New York is vicariously liable to plaintiff under the laws of the State of New York all of the aforementioned unlawful conduct and this Court has supplemental jurisdiction to hear and adjudicate this claim.

## TENTH CLAIM
## (Violation of 42. U.S. §1983)

**54.** Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

**55.** The defendants acting under color of State law, subjected plaintiff to the foregoing acts without due process of law in violation of 42 U.S.C. §1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First Amendment to the United State Constitution, including, without limitations, deprivation of the following constitutional rights:

   **(a)** Plaintiff was deprived of Forth Amendment constitutional right to be free from unreasonable searches and seizures of his person;

   **(b)** Plaintiff was deprived of his Fourteenth Amendment right to liberty without due process of law;

   **(c)** Plaintiff was deprived of his Fourteenth Amendment right to equal protection of the law

## ELEVENTH CLAIM
## (Negligent Hiring, Retention and Supervision)

**56.** Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

**57.** That the defendant CITY OF NEW YORK negligently hired, screened, retained, trained and supervised the individual defendants. The acts and conduct of defendants were the direct and proximate cause of injury to plaintiff and violated plaintiff's statutory and common law rights as well as rights guaranteed by New York and United States Constitutions.

**58.** The negligent hiring, screening, retention, training, and supervision was the proximate cause of the injuries, deprivation of liberty and other damages sustained by plaintiff.

## TWELTH CLAIM
## (Municipal Liability)

**59.** Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

**60.** That the defendant CITY OF NEW YORK is a "person" within the meaning of 42 U.S.C. §1983.

**61.** That at all times material to this complaint, the defendant CITY OF NEW YORK acting through its police department had in effect de facto policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.

**62.** That it is common practice and common knowledge that NYPD Police officers of the CITY OF NEW YORK routinely arrest individuals and maliciously charge them with the violations of which plaintiff was charged, in the absence of probable cause to believe the person committed any such violation of laws.

**63.** That defendant CITY OF NEW YORK is well aware of the foregoing facts and has received innumerable complaint of false arrest charges, but the CITY OF NEW YORK has condoned such conduct, and has failed to take sufficiently reasonable actions to investigate and to institute policies to prevent or deter police officers from charging innocent drivers of violations that did not actually occur.

**64.** That police officers employed by the defendant City of New York have routinely falsely charged citizens with obstructing governmental administration and numerous police officers have been found liable for making such false charges in violation of 42 U.S.C. §1983; nevertheless, defendant CITY OF NEW YORK, has condoned such unlawful conduct and has failed to take appropriate action to prevent its police officers from making such false charges.

**65.** Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that the, among other negligent acts:

> **(a)** Failed to perform their duties as a reasonably prudent and careful police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure, and arrest; physically assaulting a person; and other acts which police officer of ordinary prudence would not have done;
>
> **(b)** Hired and retained incompetent and unfit police officers whom they knew, or should have known, possessed dangerous propensities and a lack of proper temperament and whom they knew, or should have known, harbored hostility towards persons who questioned or asserted their legal rights;
>
> **(c)** Failed to exercise care in instructing their officers, officials, supervisors, and civilian employees as to their deportment, behavior, conduct, including (but not limited to) failing to give proper instructions as to when citizens may be forcibly detained and taken into custody, as to the preparation and submission of accurate criminal charges, as to consequences of inflicting summary punishment and brining false charges; and as to the obligation of officers to intervene to protect citizens threatened with violence or deprived of constitutional rights by other police officers;
>
> **(d)** Failed to establish meaningful procedures for disciplining officers and other personnel who have engaged in such acts of misconduct.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all defendants:

      A.    Compensatory damages
      B.    Punitive damages
      C.    Costs, interests, and attorney's fees
      D.    Such other and further relief as the Court deems proper.

Dated: South Hempstead, New York
       December 27, 2021

/s/ *Garnett H. Sullivan*
**GARNETT H. SULLIVAN, ESQ.**
**Attorney for Plaintiff**
1080 Grand Avenue
South Hempstead, NY 11550
(516) 285-1575
garnettsullivan@yahoo.com